UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MILDRED LOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-233 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| WAL-MART STORES EAST, LP, and ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendants. ) | |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the orders of the District Judge [Doc. 17], referring Plaintiff's Motion for Voluntary Dismissal [Doc. 16], to the undersigned for disposition or report and recommendation as appropriate.

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, an action where an answer has been filed "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). There is no single formula for determining whether a motion for voluntary dismissal should be granted. It has been suggested, however, that a district court consider: whether the suit is still in the pretrial stages; whether the parties have filed numerous pleadings and memoranda; whether prior court determinations were adverse to the plaintiff; whether hearings have been held; whether any defendants have been dismissed on summary judgment; and whether the parties have undertaken significant discovery. Oxford v. Williams Cos., Inc., 154 F. Supp. 2d 942, 951-52 (E.D. Tex. 2001).

In the Sixth Circuit, decisions on motions for voluntary dismissal pursuant to Rule 41 are reviewed for abused of discretion. "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953-54, (6th Cir. 2009) (quoting Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994)). "In determining whether such prejudice would result, courts typically consider 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" Id.

In the instant case, the Plaintiff moves the Court to allow her to dismiss this action without prejudice, because following review of a security camera recording, counsel for the Plaintiff has advised the Plaintiff that he can no longer litigate this case. The Plaintiff submits that a voluntary dismissal would afford her time to decide whether to continue to pursue her claim and to secure an attorney to aid her in doing so. [Doc. 15 at 2].

The Defendants have responded in opposition to the Plaintiff's Motion for Voluntary Dismissal. [Doc. 16]. The Defendants submit that the Court "should deny the motion because it would cost Wal-Mart additional time and expense to keep the file open another year on a claim with no merit." [Doc. 16 at 1].

The Court has reviewed the procedural posture in this case and considered the factors listed above. The Court finds the Defendants' argument against voluntary dismissal unavailing. This case was filed May 26, 2011. An Answer [Doc. 5] was filed in mid-July 2011, and the

2

Motion for Voluntary Dismissal was filed in late September 2011. The Defendants have expended no effort and expense in preparation for trial, and there has been no excessive delay and lack of diligence on the part of the Plaintiff in prosecuting the action. The parties have not attended any hearings in this matter, no scheduling order has issued in this case, and there is no indication that discovery has commenced in this suit. No motion for summary judgment has been filed in this case, and the Plaintiff has provided an explanation for requesting this dismissal.

Accordingly, the undersigned finds the Motion for Voluntary Dismissal **[Doc. 15]** is well-taken pursuant to Rule 41 of the Federal Rules of Civil Procedure, and the undersigned **RECOMMENDS**[1] that it be **GRANTED** and this suit be **DISMISSED WITHOUT PREJUDICE**.

Respectfully Submitted,

  /s H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).